Josiah M. Daniel, III, SBT # 05358500
James J. Lee, SBT # 12074550
Paul E. Heath, SBT # 09355050
Rebecca L. Petereit, SBT # 24062776
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel:  214-220-7700
Fax: 214-220-7716
jdaniel@velaw.com; jimlee@velaw.com
pheath@velaw.com; rpetereit@velaw.com

PROPOSED COUNSEL FOR THE DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | Case No. 14-35043 |
| SAMUEL E. WYLY, | § § | Chapter 11 |
| DEBTOR | § § § | |

**EXPEDITED MOTION FOR INTERIM AND FINAL ORDERS APPROVING USE OF CASH COLLATERAL AND GRANT OF ADEQUATE PROTECTION**

Samuel E. Wyly, as debtor and debtor in possession (the "Debtor" or "Sam"), files this *Expedited Motion for Interim and Final Orders Approving Use of Cash Collateral and Grant of Adequate Protection* (the "Motion").  In support of the Motion, the Debtor respectfully submits the following:

**JURISDICTION AND PROCEDURAL BACKGROUND**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On October 19, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-referenced case (the "Case").

4. Since the Petition Date, the Debtor has continued to operate and manage his businesses as debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

5. Contemporaneously with the filing of this Motion, the Debtor filed the *Motion for Entry of an Order Scheduling an Expedited Hearing on First Day Motions and Applications Filed by the Debtor*, which includes a request to hear this Motion on an expedited basis.

## STATEMENT OF FACTS

6. Sam is a resident, citizen, and businessman of Dallas, Texas. A history of his life and a synopsis of the circumstances that caused him to have to file this Chapter 11 case are set forth in the *Expedited Motion For Order On Estate Administration* (Doc. No. 5) (the "Estate Administration Motion").

7. In brief, unlike most Chapter 11 filings, the Debtor's necessity for filing this Case was not due to excessive current expenses over current revenues. Instead, the Debtor filed for protection under Chapter 11 of the Bankruptcy Code due to the massive costs of investigations and then litigation brought by the Securities and Exchange Commission ("SEC") and the collection activity being pursued against the Debtor and estate properties with respect to the interlocutory Opinion and Order entered on September 25, 2014, by the U.S. District Court,

Southern District of New York (the "District Court") in Case No. 10-cv-5760 (SAS), *SEC v. Sam Wyly et al.*[1] The SEC's very large asserted claim amount is based upon the District Court's estimate of certain tax amounts, but the IRS has not assessed any tax, creating great uncertainty. In addition, the Debtor has multiple other creditors and claims that need and deserve fair treatment. While the Debtor has substantial assets, he does not have the ability to pay the full amount of all asserted claims at the present time; and resolution and possible monetization of his assets, also requires the tools of Chapter 11. The Debtor seeks utilize Chapter 11 to negotiate for a fair and comprehensive resolution of his assets and claims though a hopefully consensual plan.

## RELIEF REQUESTED

### Introduction

8. Pursuant to Bankruptcy Code §§ 361 and 363, the Debtor requests, *inter alia*, (a) interim authority to use the cash collateral of BBVA Compass Bank N.A. ("Compass") in accordance with the terms and conditions set forth herein, the budget that will be submitted forthwith (as may be supplemented from time to time, the "Budget"), and the proposed Order attached hereto as **Exhibit "A"** (the "Interim Order"); (b) authority to use cash collateral on a final basis following the conclusion of a final hearing on this Motion; and (c) the grant of adequate protection to Compass as more particularly set forth herein and in the Interim Order.

---

[1] See *SEC v. Wyly*, 2014 WL 4792229 (S.D.N.Y. Sep. 25, 2014).

## Immediate Need for Use of Cash Collateral

9. Bankruptcy Code § 363(c) provides, in relevant part:

(c) (1) If the business of the debtor is authorized to be operated under section 721, 1108, 1203, 1204, or 1304 of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

(2) The trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless –

(A) each entity that has an interest in such cash collateral consents; or

(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363 (c).

10. The Debtor maintains several depository accounts with Compass. As of the Petition Date, these accounts hold a balance of approximately $12,590,000.00.

11. Compass is also the mortgage lender to Explore Booksellers and Bistro Real Estate, LLC ("Explore"). Explore owns a property located at 221 E. Main Street, Aspen, Colorado. A local bookstore (owned by the Debtor's wife) is located on the property. The Debtor owns the equity interests in Explore and is a guarantor of the mortgage debt. As of the Petition Date, the amount of the mortgage debt is approximately $3,500,000.

12. Compass may assert that it has a right of setoff against the Debtor's depository accounts based on the Debtor's guaranty obligation.[2] Thus, in an abundance of caution, the Debtor files this Motion seeking authority to use cash collateral.

13. The Debtor has an immediate need to use cash collateral, including cash proceeds, to pay his ordinary course business and living expenses. As set out in further detail in the Debtor's Estate Administration Motion (filed contemporaneously herewith), without access to such funds, the Debtor will not be able to pay such costs and expenses.

14. The Debtor requests interim authorization to use cash collateral as set forth in the Budget until a final order granting further use of cash collateral can be entered. Because the Debtor's request for interim authorization seeks the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the value of the estate pending a final hearing, his request complies with Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

15. The Budget includes a list of business and personal expenses that are reasonable and necessary and that must be paid until such time as a final hearing on the Motion can be held.

---

[2] The Debtor reserves all rights with respect to the characterization of his guaranty or any lien or setoff rights in favor of Compass.

16. The Debtor also requests that the Court authorize him to continue to use cash collateral on a final basis as set forth in the Budget.

## Grant of Adequate Protection

17. Bankruptcy Code § 363(e) provides that "on request of an entity that has an interest in property used . . . or proposed to be used . . ., the court . . . shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest."[3] Bankruptcy Code § 361 sets forth a non-exclusive list of forms of adequate protection, which include periodic cash payments, additional liens, replacement liens, and other forms of relief. 11 U.S.C. § 361. A determination of adequate protection is decided on a case-by-case basis, involving a consideration of the "nature of the creditor's interest in the property, the potential harm to the creditor as a result of the property's decline in value and the method of protection." *In re Braniff Airways, Inc.*, 783 F.2d 1283, 1286 (5th Cir. 1986). The purpose of adequate protection is to ensure that a secured party's economic position is not worsened because of the filing of a bankruptcy case. *In re DeSardi*, 340 B.R. 790, 804 (Bankr. S.D. Tex. 2006).

18. The Debtor proposes to adequately protect the alleged interest of Compass in any prepetition collateral in a few ways. First, Compass has a lien on the mortgage property owned by Explore. Upon information and belief, the value of the mortgage property exceeds the sum total of the indebtedness to Compass

---

[3] The Debtor will request the consent of Compass to the use of cash collateral.

(approximately $3,500,000), and the resulting equity cushion will more than enough protect Compass against any decrease in the value of its interests for the duration of the requested use of cash collateral.

19. Second, the Budget provides that the Debtor will make adequate protection payments to Compass in an amount equal to its monthly mortgage payment (i.e., $26,292.00).

20. Third, the Debtor proposes to grant Compass replacement liens in estate property as set forth herein and in the Interim Order.  Subject to prior perfected and unavoidable liens and security interests, if any, and only to the extent of any actual diminution in the value of Compass's interests in cash collateral as a result of the Debtor's use thereof, the Debtor proposes to grant Compass replacement liens upon all property and assets of the estate in which Compass held a validly perfected and non-avoidable lien or right of setoff as of the Petition Date. The Debtor does not propose to grant Compass liens in avoidance actions under chapter 5 of the Bankruptcy Code or the proceeds thereof.

21. Finally, the Debtor will provide Compass with information relating to the Budget.  Reporting of financial information is also a sufficient form of adequate protection. *See, e.g., Mutual Benefit Life Ins. Co. v. Stanley Station Assocs., L.P. (In re Stanley Station Assocs., L.P.),* 140 B.R. 806, 809 (D. Kan. 1992) ("In addition, we believe the request of MBL for 'timely filing of proper monthly operating reports . . .' falls within the ambit of adequate protection . . . ."); *Sumitomo Trust &*

EXPEDITED MOTION FOR INTERIM AND FINAL ORDERS APPROVING USE OF
CASH COLLATERAL AND GRANT OF ADEQUATE PROTECTION
US 3036373v.1

Page 7 of 9

*Banking Co. v. Holly's, Inc. (In re Holly's, Inc.)*, 140 B.R. 643, 706 (Bankr. W.D. Mich. 1992) (reports required as part of adequate protection).

## NOTICE

22. Notice of this Motion has been provided by e-mail, facsimile, or overnight delivery to: (a) the Office of the United States Trustee for the Northern District of Texas; (b) Compass; (c) the Dallas County Tax Office; (d) the Debtor's twenty (20) largest unsecured creditors; (e) those persons or entities that have formally appeared and requested service in the Case pursuant to Rule 9010(b) of the Bankruptcy Rules; and (f) all applicable government agencies to the extent required by the Bankruptcy Rules and the Local Rules, including, but not limited to, the IRS and the SEC.

## PRAYER

The Debtor respectfully requests that this Court enter an Order (a) authorizing, on an interim and final basis, the Debtor's use of cash collateral; (b) granting adequate protection to Compass as more particularly set forth herein and in the Interim Order; and (c) granting him such other and further relief to which he may be justly entitled.

EXPEDITED MOTION FOR INTERIM AND FINAL ORDERS APPROVING USE OF
CASH COLLATERAL AND GRANT OF ADEQUATE PROTECTION
US 3036373v.1

Page 8 of 9

Dated October 19, 2014

        Respectfully submitted,

        **VINSON & ELKINS LLP**
        Trammell Crow Center
        2001 Ross Avenue, Suite 3700
        Dallas, Texas 75201-2975
        Tel: 214-220-7700
        Fax: 214-220-7716

        */s/ Josiah M. Daniel, III*
        Josiah M. Daniel, III, SBT # 05358500
        James J. Lee, SBT # 12074550
        Paul E. Heath, SBT # 09355050
        Rebecca L. Petereit, SBT # 24062776
        jdaniel@velaw.com; jimlee@velaw.com
        pheath@velaw.com; rpetereit@velaw.com

        **PROPOSED COUNSEL FOR THE DEBTOR**

## CERTIFICATE OF SERVICE

I certify that on October 19, 2014, a copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

        */s/ Josiah M. Daniel, III*
        One of Counsel