Josiah M. Daniel, III, SBT # 05358500
James J. Lee, SBT # 12074550
Paul E. Heath, SBT # 09355050
Rebecca L. Petereit, SBT # 24062776
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel:  214-220-7700
Fax: 214-220-7716
jdaniel@velaw.com; jimlee@velaw.com
pheath@velaw.com; rpetereit@velaw.com

PROPOSED COUNSEL FOR THE DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | Case No. 14-35043 |
| SAMUEL E. WYLY, | § § | Chapter 11 |
| DEBTOR | § § § | |

EXPEDITED MOTION TO ASSUME RETENTION LETTER
WITH COMPASS LEXECON

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Samuel E. Wyly, the above-referenced debtor and debtor in possession (the "Debtor" or "Sam"), files this *Expedited Motion To Assume Retention Letter With Compass Lexecon* (the "Motion"), and in support thereof, the Debtor respectfully submits the following:

JURISDICTION AND PROCEDURAL BACKGROUND

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On October 19, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy case (the "Case"). The Debtor is a debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

## STATEMENT OF FACTS

4. Sam is a resident, citizen, and businessman of Dallas, Texas. A history of his life and synopsis of the circumstances that caused him to have to file this Case are set forth in the *Expedited Motion For Order On Estate Administration* [Docket No. 5].

5. The Debtor is a defendant in litigation brought by the Securities and Exchange Commission ("SEC") in the U.S. District Court, Southern District of New York (the "District Court") in Case No. 10-cv-5760 (SAS), *SEC v. Sam Wyly et al.*[1]

### The Compass Lexecon Retention Letter

6. Compass Lexecon agreed to serve as an economic consultant for the Debtor with respect to the *SEC v. Wyly* matter in accordance with the retention letter dated June 17, 2014 (the "Retention Letter"), attached hereto as **Exhibit "A."** Pursuant to the terms of the Retention Letter, Compass Lexecon agreed to prepare studies and expert reports and to provide expert testimony for the Debtor and the Estate of Charles J. Wyly in connection with the civil litigation with the SEC pending before the District Court.

---

[1] See *SEC v. Wyly*, 2014 WL 4792229 (S.D.N.Y. Sep. 25, 2014).

7. In accordance with the Retention Letter, Compass Lexecon is preparing an expert report that is scheduled to be delivered to the Debtor by October 29, 2014, in advance of an upcoming District Court hearing currently scheduled for November 17, 2014.  It is anticipated that Daniel R. Fischel, Chairman and President of Compass Lexecon, will testify at the hearing.  Compass Lexecon has indicated that it wishes to be brought current on its outstanding fees before Mr. Fischel testifies.  Compass Lexecon has advised that the current amount of its fees accrued since August 1, 2014 (but not yet billed) is approximately $725,000 and that the estimated amount of its fees from now through the date of the hearing is approximately $175,000.[2]  Per the informal cost sharing agreement between the Debtor and the Estate of Charles J. Wyly, the Debtor is responsible for $66^{2/3}\%$ of the fees.

8. In order to fulfill the Debtor's obligations under the terms of the Retention Letter, and most importantly, to promote the best interests of the Debtor and his estate, the Debtor seeks to accommodate Compass Lexecon's request and assume the Retention Letter.

## RELIEF REQUESTED

9. Pursuant to Bankruptcy Code § 365, the Debtor requests authority to assume the Retention Letter and to pay the fees and costs thereunder.

10. Bankruptcy Code § 365(a) provides that a debtor in possession "subject to the Court's approval, may assume or reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  Bankruptcy Code § 365 does not specify a

---

[2] This amount may increase if the District Court hearing extends beyond one day.

standard for determining when a debtor's assumption of an unexpired lease or executory contract is appropriate. However, most courts have authorized assumption of an unexpired lease or executory contract when doing so is an exercise of the debtor's reasonable business judgment. *See, e.g., Richmond Leasing Co. v Capital Bank, N.A.*, 762 F.2d 1303, 1306 (5th Cir. 1985) ("We conclude that the district court did not err in approving the assumption of the lease as a valid business judgment of the debtor."); *Control Data Corporation v. Zelman (In re Minges)*, 602 F.2d 38, 42-43 (2d Cir. 1979).

11. Bankruptcy Code § 365(b)(1) provides:

(b)(1)  If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

12. The Bankruptcy Code does not define the term "adequate assurance." However, courts addressing the issue have indicated that the term should be given a "practical, pragmatic construction." *Richmond Leasing Co.*, 762 F.2d at 1309. "Assurance of future performance is adequate if performance is likely (i.e. more probable than not) and the degree of assurance necessary to be deemed adequate

falls considerably short of an absolute guarantee." *In re PRK Enterprises, Inc.,* 235 B.R. 597, 603 (Bankr. E.D. Tex. 1999) (internal citations omitted).

13. The Debtor has determined, in the exercise of his business judgment, that assumption of the Retention Letter and continued employment of Compass Lexecon as an economic expert before the District Court is in the best interests of the Debtor and his estate. As discussed in more detail below, three reasons support that judgment: (i) Mr. Fischel is a renowned expert; (ii) Mr. Fischel's testimony and report constitute the entire defense to be presented at the Civil Action's final remedies hearing on November 17, 2014; and (iii) the outcome of that hearing is crucial to the Debtor and his estate because the SEC is seeking additional damages of $195,561,269 (plus pre-judgment interest).

14. First, Mr. Fischel is a renowned expert in securities, corporation law, regulation of financial markets, and the application of the economics of corporate finance to problems in these areas. He has been cited by state and federal courts at all levels including the United States Supreme Court. Mr. Fischel has given expert testimony on numerous occasions in federal and state courts, before arbitration panels, and in regulatory proceedings in the areas of securities, commodities, corporation law, regulation of financial markets, and the application of the economics of corporate finance. He was, for example, the principal damages witness for the United States Department of Justice in a series of breach of contract cases involving over $100 billion, commonly called the *Winstar* cases. *See United States v. Winstar Corp.,* 518 U.S. 839 (1996). Mr. Fischel has published widely in books and scholarly journals. His article, *Use of Modern Finance Theory in Securities*

*Fraud Cases Involving Actively Traded Securities*, 38 BUS. LAW 1 (1982), is the seminal article describing the application of financial economics to securities fraud litigation. He is also co-author of the book, THE ECONOMIC STRUCTURE OF CORPORATE LAW (Harvard University Press 1991), with Judge Frank H. Easterbrook. He is the Lee and Brena Freeman Professor of Law and Business, Emeritus at the University of Chicago Law School, and served as Dean of that School from 1999 to 2001.

15. Second, Mr. Fischel's testimony will be the entirety of the defense presentation at the November 17, 2014 hearing. At that hearing, the SEC will present its expert witness, Dr. Chyhe Becker, the Assistant Director of the SEC's Office of Litigation Economics. She will testify that the Debtor earned $195,561,269 in ill-gotten gains that, in the SEC's view, he must now disgorge. Dr. Becker bases her analysis on a comparison of the Debtor's actual profits from investments held in the Isle of Man ("IOM") Trusts to what she estimates a "buy and hold" investor would have earned in these assets over similar periods of time. The idea, as expressed by the Court in approving the SEC's request for an extraordinary second hearing on this subject, is that Dr. Becker's calculations could "approximate[] the economic value of the Wylys' securities violations—that is, their ability to trade in secret while having an informational advantage over the investing public." *SEC v. Wyly*, 2014 WL 4792229, at *24.

16. Mr. Fischel's response will demonstrate that Dr. Becker's analysis is fundamentally flawed in several ways; that Dr. Becker does not utilize a recognized methodology for evaluating the existence of any informational advantage by the

Debtor; and that Dr. Becker in no way demonstrates that the Debtor benefitted from an informational advantage from the use of the IOM Trusts. Mr. Fischel will also demonstrate that when standard methods of analysis are used, the economic evidence does not support the hypothesis that the Debtor benefitted from an informational advantage when the IOM Trusts sold the investments in question.

17. Third, not only is Mr. Fischel's testimony and participation crucial to this particular hearing—this hearing is, in turn, equally crucial to the Debtor and his estate. The $195,561,269 in disgorgement the SEC seeks at the November 17, 2014 hearing is <u>in addition</u> to any tax liability the Debtor may owe the IRS. Of the disgorgement awarded in the Civil Action thus far, only $17,139,647 is independent of tax liability (specifically, $11,848,336 in gains from the sale of unregistered securities, plus $5,291,311 in pre-judgment interest). As we discuss in our *Expedited Motion for Order on Case Administration* [Docket No. 5], the remaining disgorgement (awarded thus far) represents a tax liability that would overlap with the IRS's claims, and would therefore (we expect) be extinguished following a successful resolution of the IRS's claims in this bankruptcy proceeding. The additional disgorgement sought at the November 17, 2014 hearing, by contrast, appears to be independent of, and in addition to, any tax liability.

18. In connection with this Motion, the Debtor requests authority to pay and bring Compass Lexecon current on the Debtor's share of fees, estimated at approximately $483,285 (two-thirds of $725,000, the total estimated amount of fees accrued since August 1, 2014 but not yet billed). The Debtor also requests authority to pay Compass Lexecon the Debtor's share of additional fees, estimated at

approximately $116,655 (two-thirds of $175,000, the total estimated amount of fees from now through the hearing on November 17, 2014). The Retention Letter should be assumed effective as of the date of entry of an order approving this Motion.

19. It is important to note that, while Bankruptcy Code § 327(a) requires court approval for the authorization of employment of one or more professional persons, such as attorneys, accountants, appraisers and auctioneers, or other professional persons to represent or perform services for the estate, § 327(a) is not applicable to this Motion. As one bankruptcy court explained, "[f]or the purposes of section 327(a), 'professional person' is limited to persons in those occupations which play a *central role* in the administration of the debtor proceeding." *In re Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981) (emphasis added); *see also In re Lowry Graphics, Inc.* 86 B.R. 74, 78 (Bankr. S.D. Tex. April 27, 1988) (court approval required under § 327(a) to retain professionals delegated by trustee in order to exercise duties "integral to the administration of the case").

20. In other words, court approval is not required to retain a professional person under § 327 when the role of the professional person is not central to the administration of the debtor's estate. *See, e.g., In re Cyrus II P'ship*, 2008 Bankr. LEXIS 2317 (Bankr. S.D. Tex. July 31, 2008) (retention under § 327 is not necessary if the subject matter as to which an expert is testifying is not central to the administration of the estate); *In re Sieling Associates Ltd. Partnership*, 128 B.R. 721 (Bankr. E.D. Va. July 8, 1991) (debtor permitted to hire consultant in ordinary course of business without prior court approval, regardless of fact that consultant held a prepetition claim against the debtor); *In re Pacific Forest Indus., Inc.*, 95 B.R.

740, 743 (Bankr. C.D. Cal. Jan. 26, 1989) ("It is only those who deal with the actual reorganization of the debtor (rather than the ongoing business of the debtor) who are required to be employed under § 327").

21.     Here, the Debtor's desire to assume the Retention Letter is not to allow Compass Lexecon to play a central role in the administration of the Debtor's Case, but instead, to allow Compass Lexecon to continue to assist the Debtor with critical expert testimony in the matter before the District Court. Specifically, allowing the Debtor to assume the Retention Letter will permit the Debtor to use Compass Lexecon's expert report and testimony in the District Court hearing set for November 17, 2014.

22.     As noted above, Mr. Fischel's testimony and report constitute the entire defense to be presented at the November 17, 2014 hearing, the outcome of which is crucial to the Debtor and his estate. If Mr. Fischel is unable to testify, it will cause immediate and irreparable harm to the estate. Therefore, this request also complies with Rule 6003 of the Federal Rules of Bankruptcy Procedure.

23.     For the foregoing reasons, the Court should approve the Debtor's request to assume the Retention Letter and authorize payment of the fees and costs thereunder.

**Reservation of Rights**

24.     The relief requested in this Motion pertains only to the Retention Letter. The Debtor reserves his rights as to the assumption or rejection of the other contracts to which the Debtor is a party.

## PRAYER

The Debtor respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief to which the Debtor is justly entitled.

Dated October 23, 2014

Respectfully submitted,

**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel:  214-220-7700
Fax: 214-220-7716

 /s/    *Paul E. Heath*
Josiah M. Daniel, III, SBT # 05358500
James J. Lee, SBT # 12074550
Paul E. Heath, SBT # 09355050
Rebecca L. Petereit, SBT # 24062776
jdaniel@velaw.com; jimlee@velaw.com
pheath@velaw.com; rpetereit@velaw.com

**PROPOSED COUNSEL FOR THE DEBTOR**

## CERTIFICATE OF SERVICE

      I certify that on October 23, 2014 a copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas, which gives notice to all counsel of record and (ii) facsimile or U.S. first-class mail to those parties listed, and as indicated, on the attached proposed Limited Master Service List.

                                                                                    *Paul E. Heath*
                                                                                        One of Counsel