
Josiah M. Daniel, III, SBT # 05358500
James J. Lee, SBT # 12074550
Paul E. Heath, SBT # 09355050
Rebecca L. Petereit, SBT # 24062776
**VINSON & ELKINS LLP**
Trammell Crow Center
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel:  214-220-7700
Fax: 214-220-7716
jdaniel@velaw.com; jimlee@velaw.com
pheath@velaw.com; rpetereit@velaw.com

PROPOSED COUNSEL FOR THE DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | Case No. 14-35043 |
| SAMUEL E. WYLY, | § § | Chapter 11 |
| DEBTOR | § § § | |

## DEBTOR'S NOTICE AND MOTION FOR RATIFICATION OF OCTOBER 27, 2014 AUCTION SALE BY CHRISTIE'S OF CERTAIN ARTWORKS

Samuel E. Wyly, as debtor and debtor in possession (the "Debtor"), files this *Notice and Motion for Ratification of October 27, 2014 Auction Sale by Christie's of Certain Artworks* (the "Motion").  In support of the Motion, the Debtor respectfully submits the following:

### JURISDICTION AND PROCEDURAL BACKGROUND

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.  This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  On October 19, 2014 (the "Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy case (the "Case"). The Debtor is a debtor in possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

## STATEMENT OF FACTS

3.  The Debtor is a resident, citizen, and businessman of Dallas, Texas. A history of his life and synopsis of the circumstances that caused him to have to file this Case are set forth in the *Expedited Motion For Order On Estate Administration* [Docket No. 5].

4.  On the afternoon of October 27, 2014, the Debtor and his counsel learned that certain artworks of the Debtor that had been placed months ago on consignment with the auction house of Christie's Inc. ("Christie's"), 20 Rockefeller Plaza, New York, NY 10020, for sale by public auction, were in fact sold earlier on that same date. Inadvertently, Christie's had not been informed that the Debtor had filed his petition on October 19, 2014. The sale was a standard Christie's auction, and thus believed to be for a fair market value price, but of course the sale *should have been* presented to this Court beforehand for approval.[1]

5.  Counsel for the Debtor immediately notified the U.S. Trustee by telephone and email on October 27, 2014.

---

[1] Importantly, undersigned counsel has been advised that title does not transfer until Christie's receives payment from the Buyer, which they have been instructed not to do.

6. The artworks sold, which are identified below, had been consigned with Christie's by the Debtor approximately two (2) months ago, prior to the Debtor contemplating filing his petition for relief. *See* Seller's Agreement between Christie's and the Debtor, dated August 27, 2014, attached hereto as **Exhibit A**.[2]

7. No other artworks or properties will be sold without prior court approval. The Debtor has also taken actions to make certain that Christie's has been instructed to stop the sale of any and all pending auctions for items consigned by the Debtor.

8. In the meantime, proceeds of the October 27, 2014 Christie's sale, if received from Christie's with this Court's approval, will be deposited into a new and separate bank account in a Dallas, Texas bank approved as a debtor in possession depository by the United States Trustee and held there in safekeeping pending a hearing on this motion and to abide the fashioning of appropriate relief by the Bankruptcy Court.

## RELIEF REQUESTED

9. By this Motion, the Debtor seeks entry of an order approving and ratifying the October 27, 2014, auction sale that was conducted by Christie's of the following artworks that were owned by the Debtor and his bankruptcy estate:[3]

---

[2] Not realizing the significance of Christie's proceeding with the previously contemplated auction process, it appears the Debtor signed the Lot Sale Advice in the days prior to ultimately filing a chapter 11 petition for relief; however, his counsel did not learn of same; and in the days following the Petition Date, the Debtor's assistants at Highland Stargate have been buried in responding to information requests from the Debtor's professionals.

[3] This is the information that was provided by Christie's via email on the afternoon of October 27, 2014 at 3:05 p.m. CST. Such information was provided to undersigned counsel

      Lot 83
      Montague Dawson, *Clipper at Sea*
      Estimate: $150,000 – 250,000
      Hammer Price: $218,000

      Lot 27
      Pieter Lodewijk Kluyver, *Wood Gatherers in a Landscape*
      Estimate: $30,000 - $50,000
      Hammer Price: $25,000

      Lot 46
      Leon Jean Basile Perrault, *Les enfants de paysan*
      Estimate: $100,000 - $150,000
      Hammer Price: $85,000

10.    A postpetition sale of property of the estate, including these three works of art, requires the approval of the Bankruptcy Court under Bankruptcy Code § 363(b)(1). No creditor holds a security interest in the three artworks, and no other party has any interest of any kind in them so § 363(f) is not applicable.

11.    Bankruptcy Code § 363(b)(1) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." Bankruptcy Code § 363(b)(1). Bankruptcy Code § 1107(a) provides the Debtor, as debtor-in-possession, the same authority as a trustee to use, sell or lease property under § 363(b)(1).

12.    To approve the use, sale, or lease of property outside the ordinary course of business, this Court need only determine that the Debtors' decision is supported by "some articulated business justification," as set forth by the Fifth

---

as soon as possible thereafter. *See* E-mail Correspondence from Christie's to Highland Stargate dated October 27, 2014, attached hereto as **Exhibit B**.

Circuit in *Institutional Creditors of Continental Air Lines, Inc. v. Continental Air Lines, Inc. (In re Continental Air Lines, Inc,)*, 780 F.2d 1223, 1226 (5th Cir. 1986).

13. "A sale of assets under § 363, as implemented by [Bankruptcy R]ule 6004, requires notice and a hearing and is subject to court approval and must be supported by an articulated business justification, good business judgment, or sound business reasons." *Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 263 (5th Cir. 2010).

14. In this instance, the Debtor had exercised his business judgment and had determined – months prepetition – that he did not have a need or use for the three artworks, so he placed them with a very well-qualified auction house. That determination has not changed, and believing that Christie's performs its auction services according to the very highest standards,[4] the Debtor recommends and respectfully requests that the sale be ratified by the Court.

15. On the other hand, if the Court finds that any other orders would be more appropriate in the circumstances, the Debtor will welcome them.

## NOTICE

16. Notice of this pleading has been provided to: (a) the U.S. Trustee; (b) the Debtor's secured creditors; (c) the Debtor's 20 largest unsecured creditors; (d) the Internal Revenue Service and all governmental agencies required to receive notice under the Bankruptcy Rules and the Local Bankruptcy Rules; (e) Christie's;

---

[4] The Debtor intends to explore selling other artworks in the course of this Chapter 11 Case, and he may seek to engage Christie's for that purpose, by motion and after a hearing.

and (f) those persons or entities that have formally appeared and requested service in the Case pursuant to Rule 9010(b) of the Bankruptcy Rules.

## PRAYER

The Debtor respectfully requests that this Court enter an order granting the relief requested herein either by ratifying the auction sales of the three artworks or by making such other orders as may be just and appropriate in the circumstances.

Dated October 28, 2014

                Respectfully submitted,

                */s/    Josiah M. Daniel, III*
                Josiah M. Daniel, III, SBT # 05358500
                James J. Lee, SBT # 12074550
                Paul E. Heath, SBT # 09355050
                Rebecca L. Petereit, SBT # 24062776
                **VINSON & ELKINS LLP**
                Trammell Crow Center
                2001 Ross Avenue, Suite 3700
                Dallas, Texas 75201-2975
                Tel:  214-220-7700   Fax: 214-220-7716
                jdaniel@velaw.com; jimlee@velaw.com
                pheath@velaw.com; rpetereit@velaw.com
                **PROPOSED COUNSEL FOR THE DEBTOR**

## CERTIFICATE OF CONFERENCE

I have conferred with Mary Fran Durham of the U.S. Trustee's Office regarding the filing of this Motion, and it was agreed that this matter should be disclosed and presented to Judge Houser for determination by way of this Motion.

      _Josiah M. Daniel, III_
      One of Counsel

## CERTIFICATE OF SERVICE

I certify that on October 28, 2014 a copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas, which gives notice to all counsel of record and (ii) U.S. first-class mail, postage pre-paid to those parties listed on the attached proposed Limited Master Service List.

      _Josiah M. Daniel, III_
      One of Counsel