David G. Adams
State Bar No. 00793227
Jonathan L. Blacker
State Bar No. 00796215
Michelle C. Johns
State Bar No. 24010135
U.S. Department of Justice, Tax Div.
717 N. Harwood St., Suite 400
Dallas, Texas 75201
Ph:  (214) 880-9737/9765/9762
Fax:  (214) 880-9741
david.g.adams@usdoj.gov
jonathan.blacker2@usdoj.gov
michelle.c.johns@usdoj.gov
ATTORNEYS FOR THE UNITED STATES (IRS)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: § | |
| § | |
| **SAMUEL E. WYLY,** § | Case No.:  14-35043 |
| § | **Chapter 11** |
| Debtor. § | |
| § | |

**UNITED STATES' (IRS) OBJECTION TO DEBTOR'S**
**(1) EXPEDITED MOTION TO ASSUME RETENTION LETTER WITH**
**COMPASS LEXECON AND (2) ADDENDUM TO EXPEDITED MOTION**
**TO ASSUME RETENTION LETTER WITH COMPASS LEXECON**

The United States of America, on behalf of its agency the Internal Revenue Service, objects to Debtor Samuel E. Wyly's (the "Debtor") (1) Expedited Motion to Assume Retention Letter with Compass Lexecon (Dkt. # 40) (the "Lexecon Motion"); and (2) Addendum to Expedited Motion to Assume Retention Agreement with Compass Lexecon (Dkt. # 92) (the "Lexecon Addendum"), as it is an attempted end-run around the Bankruptcy Code's retention requirements under Sections 327, and it seeks to impermissibly pay Compass Lexicon its prepetition indebtedness ahead of all other creditors in this case.  In support of this objection, the United States states as follows.

**The Debtor's Lexecon Motion and Lexecon Addendum**

The Debtor in the Lexecon Motion seeks to retain Compass Lexecon as an expert in the Securities and Exchange Commission case in which he is a defendant currently pending in the Southern District of New York. The United States does not object to the Debtor retaining an expert witness for the SEC case. The Debtor contends in the Lexecon Motion that, pursuant to section 365(a) of the Bankruptcy Code that he can simply assume the Compass Lexecon retention letter, and pursuant to Section 365(b), cure and pay his share of the over $1.1 million prepetition claim held by Compass Lexecon (*see* Lexecon Addendum ¶ 2). The Debtor argues that section 327(a) does not require expert witnesses to be retained by a formal retention application, because here, Compass Lexecon is not central to the administration of the Debtor's estate. (Lexecon Motion ¶ 21). The Debtor's contentions ring hollow and should be rejected by the Court.

**The United States' (IRS) Objection**

The United States contends that the Debtor in this case is attempting to make an end-run around the requirements of section 327(a) in their motion to assume the retention contract with Compass Lexecon under section 365(a) of the Bankruptcy Code.[1] Despite that the Debtor claims that Compass Lexecon will not "play a central role in the administration of the Debtor's Case", the Debtor's own motion belies that claim. In fact, the Debtor's motion in Paragraph 22 states that the outcome of Mr. Fischel's testimony and report are "crucial to the Debtor and his estate." As Judge Isgur noted in *In re Cyrus II Partnership*, 2008 WL 3003824 (Bankr. S.D. Tex.), "courts have been almost unanimous in looking at the subject matter of the expert's testimony and evaluating how closely such matter is related to core bankruptcy issues." *Id*. at *4. Here,

---

[1] It is clear that expert witnesses do not fall within the category of those hired in the ordinary course of business. *In re Cyrus II Partnership*, 2008 WL 3003824 (Bankr. S.D. Tex.), at *3.

Mr. Fischel's expert testimony in the SEC case is closely related to a core bankruptcy issue as he is assisting the Debtor by attempting to affect the debtor-creditor relationship, vis-a-vis the amount of the Securities & Exchange Commission's claim in this bankruptcy case, which may impact the amount to be paid to other creditors in this case.  Because Compass Lexecon is "assisting the Debtor" (within the realm of section 327(a)), their retention by the Debtor should be pursuant to section 327(a), with the related obligation to file fee applications under section 330 so that their retention application and fee applications can be reviewed and scrutinized by the creditor body and the Court.   The Court also should deny the Debtor's requests to pay his share of Compass Lexicon's prepetition claim now, instead of under the terms of a confirmed chapter 11 plan of reorganization.

## CONCLUSION

The United States requests that the Court deny Debtor Sam Wyly's Expedited Motion to Assume Retention Letter with Compass Lexecon (Dkt. # 40), and the associated Addendum (Dkt # 92) as it is an attempted end-run around the Bankruptcy Code's retention requirements under Sections 327, and it seeks to impermissibly pay Compass Lexicon its prepetition indebtedness ahead of all other creditors in this case.

Date:  November 6, 2014.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY

 /s/ David G. Adams
DAVID G. ADAMS
State Bar No. 00793227
JONATHAN L. BLACKER
State Bar No. 00796215
MICHELLE C. JOHNS
State Bar No. 24010135
Trial Attorneys, Tax Division
U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, Texas 75201
Phone: (214) 880-9737/9765/9762
Fax: (214) 880-9741
david.g.adams@usdoj.gov

                                                  jonathan.blacker2@usdoj.gov
                                                  michelle.c.johns@usdoj.gov
                                                  ATTORNEYS FOR THE UNITED STATES (IRS)

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 6, 2014, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record and those requesting notice.

.

                                         /s/ David G. Adams
                                       DAVID G. ADAMS