Judith W. Ross
State Bar No. 21010670
Neil J. Orleans
State Bar No. 15303500
Eric Soderlund
State Bar No. 24037525
**Law Offices of Judith W. Ross**
700 N. Pearl Street, Suite 1610
Dallas, Texas 75201
Telephone: 214-377-7879
Facsimile: 214-377-9409
Email:  judith.ross@judithwross.com
        neil.orleans@judithwross.com
        eric.soderlund@judithwross.com

PROPOSED ATTORNEYS FOR DEBTOR CAROLINE D. WYLY

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 14-35043** |
| | § | |
| | § | |
| **SAMUEL E. WYLY,** *et al.* | § | **CHAPTER 11** |
| | § | |
| | § | |
| **DEBTORS.** | § | **JOINTLY ADMINISTERED** |
| | § | |

**A HEARING WILL BE CONDUCTED ON
THIS MATTER ON DECEMBER 2, 2014 AT
9:15 A.M. IN THE COURTROOM OF THE
HONORABLE BARBARA J. HOUSER, 1100
COMMERCE STREET, 14TH FLOOR,
DALLAS, TEXAS 75242**

**DEBTOR'S AMENDED[1] APPLICATION FOR AN ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF BRIDGEPOINT CONSULTING, LLC AS
FINANCIAL ADVISORS AND ACCOUNTANTS FOR THE DEBTOR**

Caroline D. Wyly (the "**Debtor**" or "**Dee**"), files this application for an order authorizing

the employment and retention of Bridgepoint Consulting, LLC ("**Bridgepoint**") as Financial and

---

[1] The Debtor files this amended application to correct a few typographical and formatting errors in the original. The original application was filed in Case Number 14-35074 on October 29, 2014. The amended application was filed in Case Number 14-35074 on October 30, 2014 and in the above-captioned case on November 12, 2014 in accordance with the provisions of the Court's order directing joint administration of the Debtors' cases.

Restructuring Advisor for the Debtor (the "**Application**"), along with a affidavit of Dawn Ragan in support of the Application, attached as **Exhibit A** (the "**Ragan Affidavit**"). In support of this Application, the Debtor respectfully states as follows:

## Jurisdiction, Venue, and Procedural Background

1.      On October 23, 2014 (the "**Petition Date**") the Debtor filed her voluntary individual chapter 11 petition initiating the above-captioned bankruptcy case.

2.      This Court has jurisdiction over this motion under 28 U.S.C. § 1334(b). This Court can hear and determine this matter in accordance with 28 U.S.C. § 157 and the standing order of reference entered by the United States District Court for the Northern District of Texas on August 3, 1984 (Miscellaneous Order #33). This matter is a core proceeding, and venue for this motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.      The Debtor remains in possession of her assets and continues to administer her estate as debtors in possession under 11 U.S.C. §§1107 and 1108.

4.      No trustee, examiner, or committee has been appointed in the Debtor's case.

5.      The statutory and procedural bases for the relief requested herein are §§ 327(a) and 1107 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1(b) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**").

## Factual Background

6.      The factual background concerning the events that precipitated the filing of the case are set forth in the Debtor's motion for expedited hearing on first-day motions [Dkt. No. 15] and other motions filed in the first few days after the Petition Date.

## Relief Requested

7.      The Debtors seek entry of an order authorizing it to employ and retain Bridgepoint to act as its financial and restructuring advisor in the bankruptcy case.

8.      Bankruptcy Code § 327(a) provides, "the trustee … may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." That provision is made applicable to the Debtor by virtue of Bankruptcy Code § 1107(a), which grants a Debtor all rights and powers of a trustee.

9.      The Debtor has chosen Bridgepoint because of Bridgepoint's extensive experience and knowledge and excellent reputation in restructurings and strategic advice.  Bridgepoint began working with the Debtor as its financial advisor just prior to the filing of the petition, and has since developed a great deal of knowledge regarding the Debtor's affairs.  The Debtor believes that Bridgepoint possesses the requisite resources and is both highly qualified and uniquely able to act as the Debtor's financial and restructuring advisor in this case going forward.

## Scope of Representation

10.     The Debtor wishes to retain and employ Bridgepoint in the bankruptcy case, under the terms and conditions more fully set forth below, to provide assistance to the Debtor and the Debtor's other professionals in connection with the Chapter 11 proceeding. The services to be rendered by Bridgepoint include, but are not limited to:

- Assist the Company with its chapter 11 filing;

- Work with the Company to complete schedules and the Statement of Financial Affairs ("SOFA"), and the Monthly Operating Reports ("MORs") required by the Office of the United States Trustee;

- Develop and review budgets and projections necessary for the chapter 11 case, cash management and/or operations, including working with any of the Debtor's existing financial advisors or other professionals;

**DEBTOR'S AMENDED APPLICATION TO RETAIN BRIDGEPOINT CONSULTING AS FINANCIAL ADVISOR TO THE DEBTOR – Page 3**

- Assist the Debtor and counsel with preparation for hearings, testimony, creditors meetings, and creation of supporting exhibits and motions needed during pendency of the case;

- Assist the Debtor with asset sales or financing matters, if necessary;

- Assist the Debtor and counsel with managing certain creditor issues where appropriate;

- BPC shall review any material contracts or agreements, including debt agreements, to which the Debtor is a party or guarantor; and

- Perform such other services as may be agreed upon between the parties.

11.     The compensation arrangement for Bridgepoint, subject to court approval, includes the following terms:

- Bridgepoint received a $75,000.00 retainer prepetition, a portion of which will be applied towards any unpaid prepetition fees, and the balance will remain on account;

- Bridgepoint received no other compensation for services rendered prior to the bankruptcy filing. Bridgepoint's engagement prepetition began on October 21, 2014.

12.     Bridgepoint's retention post-petition is based on its customary hourly rates as follows:

| | |
|---|---|
| Principals/Managing Directors | $300 - $395 |
| Senior Managers | $275 - $295 |
| Consultants | $150 - $275 |
| Support Staff | $ 60 - $ 80 |

13.     Dawn Ragan will be the engagement manager, and her hourly rate is $375. Out of town travel time, if any, will be paid at half of the normal hourly rate.

14.     In addition, Bridgepoint will seek reimbursement of its reasonable out-of-pocket expenses incurred in connection with this engagement including travel and lodging (if any), duplicating, computer research, messenger, and telephone charges.

15.     All fees and expenses will be billed on a monthly basis, and shall be payable subject to the applicable United States Trustee Guidelines, the Bankruptcy Code, Bankruptcy Rules, Local Rules,

**DEBTOR'S AMENDED APPLICATION TO RETAIN BRIDGEPOINT CONSULTING AS FINANCIAL ADVISOR TO THE DEBTOR – Page 4**

and any order entered by this Court concerning the procedures for the compensation of professionals whose employment must be approved by the Bankruptcy Court.

16. The Debtor will indemnify Bridgepoint and hold it harmless from all claims made against it in connection with its performance of services to the Debtor, except for claims that arise as a result of Bridgepoint's gross negligence or willful misconduct.

17. Bridgepoint's compensation has been negotiated by the parties with the understanding that Bridgepoint's compensation hereunder is subject to review by the Bankruptcy Court. The parties have established the compensation with the express understanding that the results achieved and the ultimate benefit to the estate of the work performed may vary and have taken this into account in negotiating the compensation.

18. Bridgepoint is being retained to act as the Debtor's financial and restructuring advisor and to assist the Debtors with the reporting and customary advisory requirements of a chapter 11 proceeding.

### Bridgepoint is Disinterested

19. Bridgepoint and certain of its partners and associates may have in the past, may presently and/or may in the future represent creditors of the Debtor in matters unrelated to this case. Bridgepoint has reviewed the list of the Debtor's 20 largest trade creditors and known secured creditors, as provided to Bridgepoint by the Debtors, and has represented to the Debtor that Bridgepoint is not currently aware of any relationship that would create a conflict of interest with the Debtors or those parties-in-interest of which the Debtors have made Bridgepoint aware. Bridgepoint has further represented to the Debtor that it will not represent, and that it has not represented, the interest of any such entities in connection with this matter.

20.     To the best of the Debtors' knowledge, on information and belief, other than in connection with this case, Bridgepoint has no connection with the Debtor, its creditors, parties in interest or affiliates, or attorneys or special advisors for any of them, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth herein and in the Ragan Affidavit attached hereto as **Exhibit A**.

21.     Based upon the Ragan Affidavit and the Debtor's knowledge of the case thus far, Bridgepoint does not represent or hold any interest adverse to the Debtor, its estates, creditors, or affiliates in the matter upon which Bridgepoint is to be engaged, and is a "disinterested person" within the meaning of Bankruptcy Code § 101(14).

<u>**Prayer**</u>

WHEREFORE, the Debtor respectfully requests that the Court enter an Order (1) approving this Application and authorizing it to employ and retain Bridgepoint Consulting, LLC to act as financial and restructuring advisor to it in this Chapter 11 case, as requested in this Application, effective as of the Petition Date; and (2) granting it any other relief that is just and proper.

Respectfully submitted November 12, 2014

By:     */s/ Caroline D. Wyly*
        Caroline D. Wyly

## **CERTIFICATE OF SERVICE**

I certify that on November 12, 2014 a copy of the foregoing document was served by (i) the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas which gives notice to all counsel of record and (ii) by United States Mail, postage prepaid, on the attached proposed Limited Master Service List.


/s/ *Eric Soderlund*
Eric Soderlund